a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL E. HANES, Petitioner | CIVIL ACTION NO. 1:17-CV-1642-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by Petitioner Michael E. Hanes ("Hanes") (#487887). Although Hanes's original petition was filed pro se, an attorney filed an amended petition on Hanes's behalf shortly thereafter. Hanes is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. Hanes challenges his conviction and sentence imposed in the Ninth Judicial District Court, Rapides Parish. Hanes claims that his sentence is excessive, and that he was denied effective assistance of counsel.

Because Hanes cannot show that he is entitled to equitable tolling, his petition should be dismissed.

I. Background

Hanes was indicted by a grand jury for second degree murder. He was convicted of manslaughter, and sentenced to 40 years of imprisonment. See State v. Haynes, 05-708 (La. 3 Cir. 1/11/06) (unpublished). Hanes appealed on the grounds that the sentence was excessive and the evidence was insufficient to convict him. Id.

The conviction and sentence were affirmed on appeal. State v. Hanes, 2006-0637 (La. 10/13/06), 939 So.2d 373. Hanes did not seek review in the United States Supreme Court. Therefore, his conviction and sentence became final on January 11, 2007, 90 days after the decision of the Louisiana Supreme Court.

Hanes filed an application for post-conviction relief on January 4, 2008, 358 days after his conviction became final. (Doc. 1-2, p. 7). The district court denied Hanes's post-conviction application on November 3, 2015, "after various supplemental filings and evidentiary hearings occurring over the course of many years." (Doc. 1-3, pp. 10, 12-31). The appellate court denied writs. (Doc. 1-3, pp. 10-11).

The Louisiana Supreme Court denied writs on November 28, 2017, and notified Hanes's counsel by mail. (Doc. 1-3, p. 3). State v. Hanes, 2016-1120 (La. 11/28/17), 230 So.3d 201. Hanes's attorney mailed the notice to Hanes at the Louisiana State Penitentiary ("LSP") on December 4, 2017. (Doc. 1-3, p. 3). However, on December 4, 2017, Hanes was transferred from LSP to RLCC. (Doc. 1-3, p. 2). The notice was then forwarded to Hanes at RLCC. (Doc. 1-3, p. 2). Hanes's § 2254 petition was postmarked December 15, 2017.

II. **Law and Analysis**

    A. **Hanes does not show that he is entitled to equitable tolling.**

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody

pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Because Hanes did not seek review in the United States Supreme Court, his conviction became final for AEDPA purposes on January 11, 2007, 90 days after the Louisiana Supreme Court denied writs. Hanes had one year from that date, until January 11, 2008, within which to file a timely § 2254 petition. Hanes's petition was not filed until December 19, 2017. (Doc. 1). Thus, unless Hanes is entitled to statutory or equitable tolling, his § 2254 petition is prescribed.

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998)).

Hanes waited almost 12 months before filing his post-conviction application, and those 358 days are counted against the one-year limitations period. Hanes is entitled to statutory tolling from the date the application was mailed—January 4,

3

2008—until the date the Louisiana Supreme Court denied writs—November 28, 2017. Thus, with the benefit of statutory tolling, Hanes had until December 5, 2017, within which to file a § 2254 petition. Hanes mailed his habeas petition on December 15, 2017. (Doc. 1).

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in exceptional circumstances, be equitably tolled. See Holland v. Florida, 560 U.S. 631 (2010); Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998). To be entitled to equitable tolling, a petitioner has the burden of showing that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. See Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010). A petitioner bears the burden of proof to invoke equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Highlighting the doctrine's limited scope, the Fifth Circuit has stated that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Clarke v. Rader, 721 F.3d 339, 344 (5th Cir. 2013) (citing Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted)). Because it is a discretionary doctrine, however, a court's determination of whether equitable tolling applies "turns on the facts and circumstances of a particular case." Id. (citing Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). For the same reason, "equitable tolling does not lend itself to bright-line rules." Id. Nonetheless, certain sources of delay in filing do not create "extraordinary circumstances"

warranting equitable tolling.  Id.  For example, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." Holland v. Florida, 500 U.S. 631 (2010) (internal citations and quotation marks omitted).[1] Additionally, "delays of the petitioner's own making do not qualify" for equitable tolling.  In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).

Hanes is currently represented by the same attorney who represented Hanes on post-conviction review in the appellate courts.  Hanes and his attorney argue that Hanes's transfer from LSP was an extraordinary circumstance that prevented the timely filing of his § 2254 petition and entitles Hanes to equitable tolling.  (Docs. 1, 20).  Whether or not Hanes's attorney realized it, there were only seven days left on the one-year limitations period when the Louisiana Supreme Court denied writs, and

---

[1] See Fluker v. Wilkinson, No. 08-5121, 2011 WL 601648, at *7 n. 45 (E.D. La. Jan. 18, 2011), report and recommendation adopted, 2011 WL 675393 (E.D. La. Feb. 16, 2011) (citing Holland, 130 S. Ct. at 2549 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599–600 (5th Cir. 2009) (equitable tolling was warranted where Petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed to inform him that his state habeas petition had been denied; Petitioner diligently pursued federal habeas relief; and, he persistently inquired to the court); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999) (tolling not justified during Petitioner's 17–day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu–Tzin v. Johnson, 162 F.3d 295, 300 (5th Cir. 1998) (State's alleged failure to appoint competent habeas counsel did not justify tolling).

only one day left on limitations period when he mailed notice to Hanes. Even if Hanes had not been transferred from LSP, his attorney's letter would not have been received in time for Hanes to timely file a § 2254 petition. Hanes cannot show that, but for the transfer, his petition would have been timely filed. Thus, the argument that Hanes's transfer was an extraordinary circumstance that prevented Hanes from timely filing a § 2254 petition is unavailing.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hanes's petition be DENIED and DISMISSED with prejudice under § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2018.

                                                   Joseph H.L. Perez-Montes
                                                 United States Magistrate Judge